## CHRISTIAN KNEBELCAMP

v.

## JOHN SMITH ET AL.

1. DEFAULT—DEFENDANT MAY INTRODUCE PROOF IN REDUCTION OF DAMAGES.—Though a default has been taken against a defendant, he has the right to appear and introduce evidence tending to reduce the amount claimed by the plaintiff.

2. PROMISSORY NOTE—PAYMENT MADE BEFORE ASSIGNMENT—INSTRUCTION.—In a suit upon a promissory note, the defendant offered to show payments made to the payee before assignment. Upon this point the court instructed the jury: "That unless the defendant has shown in this case that he made any payments to the plaintiffs in this suit, the jury will find for the plaintiffs the amount proven to be due upon the note." *Held*, that one of the questions before the jury being whether any payments had been made to the payees, of which the assignees had notice, the instruction was erroneous, as foreclosing a legitimate inquiry by the jury.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM WINKELMAN, for appellant; that the loss of the note was not sufficiently proved, cited Rogers v. Miller et al. 4 Scam. 333; 1 Greenleaf's Ev. 600, § 558; Mariner v. Saunders, 5 Gilm. 113; McCart v. Wakefield, 72 Ill. 101; Meek v. Spencer, 8 Ind. 116.

Upon the right of the defendant to contest the assessment of damages on default: Brigg et al. v. Snigham et al. 45 Ind. 15; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; David v. Bradley, 79 Ill. 316; Cook v. Skelton, 20 Ill. 107; Saylor v. Daniels, 37 Ill. 331.

Messrs. G. & G. A. KOERNER, for appellees; that it is doubtful whether, on default, the damages may be assessed by a jury, cited Stat. 1868, 509, §§ 20, 21.

ALLEN, J. This suit was brought by appellees against appellant in the St. Clair Circuit Court, to the January term, 1877, on a promissory note executed by appellant to Wm. Wehmeyer and Frederick L. Breitenburger and indorsed to appellees. The note bore date June 26, 1874, and was for the sum of $1,500 and bore interest at the rate of eight per cent. per annum.

The declaration avers the loss of the note by appellees after it had become due. At the said January term, 1874, a default was taken against appellant, and leave was given to plaintiff to amend his declaration. Appellant states in his brief that an amendment was made to the declaration after default against appellant, and a plea of the general issue was filed by appellant. If an amendment was made, then appellant would have a right to plead, but the record fails to show that an amendment was made after default, and in the absence of any proof on this point the court must presume that no amendment was made.

Upon the default a writ of inquiry was awarded and the cause continued.

At the September term following a jury was sworn to assess the damages of appellant, and upon hearing the evidence awarded appellee the sum of $1,897.25. Appellant appeared before the jury and offered evidence tending to show payments made on the note before it was transferred to appellees. Appel-

Knebelcamp v. Smith et al.

lees proved execution of the note, the amount, its transfer to appellees, and its subsequent loss. Appellant was sworn as a witness, and was asked by counsel for appellant "whether any payments were made by him on the note while the payees were the legal holder of the note, and if so, how much, and whether such payments if made were indorsed upon the note."

To an answer to this question a general objection was made, which was sustained by the court and the witness was not permitted to answer.

Theodore Breitenburger, a payee of the note, was introduced as a witness for appellant, and was asked to state if any payments were indorsed upon the note before it was transferred to appellees. This was also objected to by appellees, and the witness was not permitted to answer. The appellant, though a default had been taken against him, had a right to appear and introduce evidence tending to show that payments had been made upon the note before its transfer by payees to appellees, and to show that such payments were indorsed on the note before its transfer to appellees.

It is manifest from these questions, as well as other portions of the record, that one of the defenses against a recovery for the full amount of the note and interest was that some portion of the note had been paid to one or both payees of the note, before its transfer to appellees, which was indorsed upon the note, and that evidence tending to prove such payments was sought to be introduced by appellant.

In order to make such payments available to appellant, he must show that appellees had notice of them.

To prove that they were so indorsed was necessary, inasmuch as the note was lost, and in our judgment it was error to exclude this evidence from the jury.

Appellees insist that this error will not avail appellant, inasmuch as they withdrew the objection afterward, and permitted Breitenburger to testify as to payments made him, but the evidence of appellant on this point might have been important as corroborative of Breitenburger, or as to some independent fact or circumstance tending to show payment and indorsement.

But, in addition to the exclusion of testimony of appellant

upon this question, the court instructed the jury "that unless the defendant has shown in this case that he made any payments to the plaintiffs in this suit, the jury will find for the plaintiffs the amount proven to be due on the note in question, if they believe that the amount was proven;" one of the questions before the jury being whether any payments had been made on the note to Breitenburger, one of the payees, or to the payees jointly, of which appellees had notice. The jury might, and probably did understand from this instruction that they could not consider any such payment or the evidence tending to prove such payment in abatement of appellees' damages, although appellees might have had notice thereof.

We hold that it was error to give this instruction; that it foreclosed a legitimate inquiry of the jury in determining the amount appellees were entitled to recover.

Several other errors are assigned by appellant, but inasmuch as the judgment of the Circuit Court must be reversed for the reasons above, we do not care to comment upon the other questions raised.

Judgment reversed and cause remanded.

Reversed and remanded.